Curia, per

O’Neall, J.
In this case, both parties have appealed from the decision of the Judge below. In our view of the case, it will only be necessary to consider whether the plaintiff has any cause of action against the defendants. The rule, as stated by the Judge below, is, that at a sheriff’s sale there is no warranty, and that the party takes the estate subject to all legal incumbrances.— If, therefore, the State or city taxes constituted a specific lien on the property bought, the purchaser took subject to it, and was liable to the payment. But upon examining the tax Act of 1788, which is a general law, I am satisfied, that where property is sold after the first day of October, in each year, there is no lien on the property in the hands of the vendee, for the taxes of the current year, and that they can alone be collected from the vendor. A clause of that Act, P. L. 438, provides : “ That the taxes imposed by any tax Act shall be preferred to all securities and incum-brances whatsoever ; and that in case any person shall happen to die between the time of giving in his or her account of his or her tax, and any goods and chattels of the deceased, to the value of the sum he or she was assessed at, shall come into the hands of his or her executors or administrators, they shall pay the same by the time before limited, prior to all judgments, mortgages and debts whatsoever, or otherwise a warrant of execution shall issue against the proper lands, goods and chattels of such executors and ad: ministrators.” This clause of the Act gives the debt to the State for taxes a preference over all other debts and incum-brances. It plainly shews that it was not supposed that taxes had any specific lien on the property itself; and until the Act creates one none exists. The effect of this clause is to give to the right of the State to be paid the taxes precedence of all securities and incumbrances created by the party seized of the property at the time the taxes accrued ; and giving it a reasonable construction, the State, *319 under it, would be first entitled to be paid in cases of insolvency, by either the assignees, administrators or executors. In either of these cases, where the fund was in court, I have no doubt that, on rule, the taxes would be ordered to be first paid ; and to this extent is the authority of Butler vs. Bailey, 2 Bay, 244. But it does not follow that, if the sheriff, in the case under which he sold the property, could have been ruled and compelled to pay the taxes, and thus have by so much diminished the fund which the defendants were entitled to receive, a payment of the taxes by the plaintiff, unless he was legally compelled to pay them, would gi ve him a right of action against the defendants. To see whether he was legally liable for the taxes, it is necessary to look to another clause of the Act: P. L. 439. It is as follows : “That every person shall be liable to pay taxes for the property, real and personal, of which he or she shall stand seized, or having the custody of, either as attorney, or agent, or guardian, or executor, or in his or her own right as tenant in fee simple, or by courtesy, or for life, or in right of his wife, on the first day of October next ensuing, and on the first day of October in each and every year thereafter; and all taxes on real or personal property, which shall be sold and conveyed on the said first day of October next, and after the afb? es aid first day of October in each and every year thereafter, shall be returned and paid by the seller thereof; any law, usage or custom to the contrary nottoithstanding.” This clause makes the taxes to which property sold after the first of October is liable, the debt of the vendor, and it follows, unless some lien had been created by the Act on the property in the hands of the vendee, that he can in no shape be made liable for their payment. The property must be returned and paid for by the vendor; and out of his estate the taxes are to be paid in preference to “ all securities and incumbrances whatsoeverbut if not so paid there is no liability cast upon either the vendee or the property. The general and accepted opinion has heretofore been, that the taxes were a lien on the property liable to them ; but there appears to be nothing in the Act which warrants this conclusion. It probably arose from the fact *320 that against the estate oí the person liable to their payment, they were preferred to all liens.
The plaintiff, according to this view of the law, could not have been legally compelled to pay the taxes, and having made the payment, in a legal point of view, voluntarily, ‘ he cannot recover from the defendants. He cannot claim as having paid the money for them and at their request; for, inasmuch as he was under no legal obligation to pay it, there can be no legal implication that it was paid for their use, and at their request. So, too, he cannot recover from them for so much money had and received to his use. For he has no legal title, as against the defendants, to be refunded taxes which he paid in his own wrong. He may be entitled to be refunded by the State and the city council, the taxes thus paid by mistake; and the State and city council may be entitled to payment from, the assignees.
The motion for a nonsuit is granted.
Johnson, J. concurred.